## Case No. 14,760.

UNITED STATES v. CAVE.

[3 Hall, Law J. 176.]

District Court, D. Pennsylvania. Jan., 1809.

CUSTOMS DUTIES — FORFEITURE FOR EVADING — CONCEALED GOODS.

The proviso in the fifty-seventh section of the "Act to regulate the duties and tonnage" (4 Laws [Folwell's Ed.] 374 [1 Stat. 671]), does not protect from forfeiture goods which are found concealed on board, after the master has declared that the whole cargo is discharged.

This was an action of debt against the master of the schooner Two Brothers, to recover a penalty of $500 under the fifty-seventh

section of the impost law, the goods on board not agreeing with the report or manifest delivered by the defendant at the customhouse, inasmuch as 25 bags of coffee, not reported, were found by the inspectors concealed in the vessel, some days after the master had declared that the whole cargo was discharged.

The disagreement was clearly proved at the trial, under such circumstances as excluded every idea that it arose from accident or mistake. But Mr. Condy, the counsel for the defendant, contended that, as the goods had never been landed until they were seized and sent to the custom house by the inspectors, the penalty, by virtue of the proviso to the section of the act of congress on which the suit was founded, could not be inflicted.

After a general answer from Mr. Dallas, the jury gave a verdict for the United States, subject to the opinion of the court on the point of law.

PETERS, District Judge. The point to be determined by the court arises on the meaning and construction of the fifty-seventh section of the "Act to regulate the duties on imposts and tonnage" [1 Stat. 671]. Twenty-five bags of coffee were found hidden on board the schooner Two Brothers, whereof the defendant was master, not included in the manifest delivered at the custom house, after seven bags had been before discovered under similar circumstances; for which latter a post-entry had been permitted, a caution given to the master that he must enter all on board, and asseverations by him that there were no others in the vessel. The whole circumstances were attended with strong suspicious appearances. But it is unnecessary to detail them, as the jury have passed upon the facts, and satisfied themselves, and, I must add, to the satisfaction of the court, so far as it has any opinion to give in that part of the case. I shall, however, detach my mind from such considerations, so, nevertheless, as to regard what is necessary to developing the intention of the act, and its spirit and meaning. For, though true it is that penal statutes are to be construed strictly, yet equally true is it that "such construction ought to be put upon a statute as does not suffer it to be eluded." 6 Bac. Abr. 391, and authorities cited. The question here is as to the 25 bags of coffee "not agreeing with the report or manifest delivered by the master" to the collector; that is, they were not contained in it, but concealed on board, and not delivered till the vessel was thought to be unladen, and the inspecting officer had left her. The penalty of $500 is indisputably incurred, unless saved by the proviso in the fifty-seventh section.

It is insisted on by the counsel for the defendant that the fact of their being so found on board (no matter what was the intent of the master) is sufficient to acquit him, under one of the provisos or savings in the fifty-seventh section, from being amenable to the penalty

imposed thereby. No construction is to be given to this (as it is contended) out of the very words, under the rule of interpretation of penal statutes. Now, these words are: "Provided it shall be made to appear to the satisfaction of the collector, etc., or, in case of trial for the said penalty, to the satisfaction of the court, that no part whatever of the goods, wares or merchandize of such ship or vessel has been unshipped, landed or unladen, since it was taken on board, except as shall have been specified in the said report or manifest, and pursuant to permits as aforesaid." It appears to me, then, that the very words of this proviso, in the strict construction contended for, do not relate merely, and cannot reasonably or on any rule of construction be confined, to the goods which shall happen to be found on board. The law certainly could not be so construed, with any rational attention to the intent of the legislature. And it is also a rule, in the interpretation of all statutes, penal as well as others, that they shall be so construed as to effectuate the intention of the legislature. It requires no further or other proof to satisfy the collector or court that these goods were not, at the time of discovery, "unshipped," etc., than that of their being actually on board. But proof is expressly required, when it is discovered that "the goods on board do not agree with the manifest," to satisfy the collector or court that not only these goods, but that "no part whatever of the goods, etc., of such ship or vessel, has been landed," etc.; clearly, in my opinion, embracing all other goods of the ship, and throwing (from the necessity of such suspicious cases) the proof on the party, that no goods, others as well as those discovered, had been landed, etc. If this construction is deemed strict, it is certainly warranted by the doctrine contended for as to penal statutes. But it appears to me not to be a rigid or forced construction. It is one perfectly in conformity with the rule before mentioned, to wit, that "the construction shall be such as not to suffer the statute to be eluded." And nothing could open a wider field for frauds and evasions than that the very fact which creates strong suspicions of other violations having been committed should be established by the legislature as an excuse, not only for the one in which the party was detected, but as a protection against a penalty imposed to compel proof that there had been no smuggling of other parts of the cargo. This would seem like "a saving in an act contrary to the body of it" (1 Coke, 47c), which Lord Coke declares to be void. It would be almost as extraordinary (I do not mean any personal allusions) as would be a law for punishing theft, but excusing a felon caught with the mainor, that is, with the goods in his hands, because he had. not parted with them, though perhaps from want of opportunity, and permitting him to escape on delivery of them to the owner. So, here, a post-entry is to wipe away all the penalty,

if the goods not being landed is not enough, and free the party from all obligations of proving what the law, in cases of disagreement of the cargo on board with the manifest delivered, requires. This never could have been the legislative intention.

Should this view of the subject be deemed irrelevant, the construction of the proviso contended for by counsel, who always makes the best defence his case admits, would at any rate give every encouragement and means of "eluding the statute" to those inclined to defeat the objects of the law. Among these objects, evidently, are those comprehended in the provisions which enforce the necessity of returning fair and true accounts of all goods. not only then on board, but of furnishing proof. when required, as to those which had been "any part whatever of the goods of such ship or vessel." No proof whatever had been adduced to make it appear that there were in the vessel or had been no goods landed, since they were taken on board. other than those entered, and those discovered after such entry. The captain's declarations on this subject have been proved to be false, by the testimony of witnesses and the discovery of the goods. I am, therefore, of opinion, that neither the words nor manifest intention of the proviso relied on justify the defence set up in this cause, in point of law; and, of course, judgment must be entered for the United States.